**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0648-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DEXTER L. CANNADY a/k/a
DEXTER L. CANNADAY,

    Defendant-Appellant.

_____

Submitted November 7, 2019 – Decided January 21, 2020

Before Judges Nugent and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment Nos. 13-06-0341 and 13-07-0411.

Joseph E. Krakora, Public Defender, attorney for appellant (Phuong Vinh Dao, Designated Counsel, on the brief).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Dexter L. Cannady, appeals from an order that denied without an evidentiary hearing his first petition for post-conviction relief (PCR). On appeal, he argues:

> THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.
>
> > A. Trial counsel failed to move to exclude Vengenock's alleged voice identification of Defendant and such failure constitutes ineffective counsel because Defendant could not effectively cross examine Vengenock.
> >
> > B. The CI's identity was essential to Defendant's defense, and the PCR court was wrong in finding that trial counsel's failure was not ineffective when she did not move to disclose the CI's identification.

Finding no merit in defendant's arguments, we affirm.

Preliminarily, we note that in defendant's PCR petition he identified two indictments, as he has on this appeal. The charges in Indictment No. 13-07-0411 stem from defendant's January 3, 2013 sale of crack cocaine to an undercover police officer. Because the events resulting in this indictment occurred first in time, we will refer to this as the "first indictment."

A-0648-18T4

The charges in Indictment No. 13-06-0341 stem from defendant's April 9, 2013 arrest. Detectives searched defendant at police headquarters and seized from his person a plastic sandwich bag containing sixty smaller bags of cocaine. Each indictment contained three charges concerning controlled dangerous substances (CDS). In each case, the trial court dismissed the third count of the indictment, the jury convicted defendant on the indictment's remaining two counts, and the court merged the remaining counts for sentencing. Following proceedings not relevant to this appeal, the court sentenced defendant to an aggregate prison term of thirteen and one-half years with four and one-half years of parole ineligibility.

The ineffective-assistance-of-counsel argument defendant presents on this appeal concerns the first indictment only. These are the facts relevant to defendant's appellate argument.

On a January afternoon in 2013, Salem County Prosecutor's officers targeted defendant in an undercover narcotics operation. Provided with money and a transmitter, an undercover officer purchased crack cocaine from defendant. State v. Cannady, No. A-5557-13 (App. Div. Mar. 23, 2017), certif. denied, 228 N.J. 87 (2016) (slip op. at 3). The undercover officer and a confidential informant drove to a location in Salem, parked their car, walked

down an alley, and met defendant. The confidential informant made the introduction. The undercover officer asked defendant for crack cocaine, and defendant "removed a 'single' chunk or 'cookie'" of crack cocaine, "broke off a couple of pieces, and handed it to the undercover officer. In exchange, the undercover officer gave defendant [twenty dollars]." Ibid.

Salem County Prosecutor's Investigator Patrick Vengenock monitored the auto transmission from the undercover officer's wire. Id. at 4. "The audio transmission from the undercover officer's 'wire' was clear, enabling [Investigator] Vengenock to listen to the transaction as it occurred." Ibid. According to Investigator Vengenock's trial testimony, he "heard defendant's voice on approximately ten previous occasions. During four or five of those occasions, the Investigator talked directly to defendant. [Investigator] Vengenock positively identified defendant by voice." Id. at 4-5.

In his PCR petition, defendant argued, among other things, the two issues he raises on this appeal: his trial counsel was ineffective for failing to file a motion to exclude Investigator Vengenock's voice identification of defendant and for failing to disclose the identity of the confidential informant. He contended the law enforcement officers made a conscious decision not to record the audio feed of the transaction between the undercover officer and defendant,

and thereby failed to preserve evidence, thus violating his right to due process and to confront witnesses against him. Defendant argued that trial counsel should have filed a <u>Wade</u>[1] motion, a hearing to determine the audibility of the tape, and a motion in limine.

In a thorough written decision, Judge Linda L. Lawhun denied defendant's petition. Judge Lawhun noted defendant relied on <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), to support his due process argument. Carefully analyzing the elements of a <u>Brady</u> violation, the judge concluded defendant "failed to establish that the State failed to disclose evidence." To the contrary, defendant acknowledged that because the transmission of the conversation between defendant and the undercover officer was not recorded, such evidence never existed. Judge Lawhun found defendant had offered no evidence the officers acted in bad faith by failing to record the transaction, and defendant had cited no legal authority suggesting the State was required to record the conversation between defendant and the undercover officer.

Concerning the alleged <u>Wade</u> violation, Judge Lawhun found defendant had not explained why the voice identification was impermissibly suggestive. Moreover, plaintiff had an ample opportunity to cross-examine Investigator

---

[1] <u>United States v. Wade</u>, 388 U.S. 218 (1967).

Vengenock at trial concerning his ability to make the voice identification. Significantly, as the judge pointed out, Investigator Vengenock testified that listening to the conversation was "basically like . . . listening to the radio." Investigator Vengenock was able to identify defendant's voice because he had heard it approximately ten different times, including in four or five direct conversations with defendant. His certainty of the voice identification was one hundred percent. Thus, the judge concluded defendant had not established that a Wade motion challenging the voice identification would have been successful. The judge also pointed out that because there was no recording, there was nothing to evaluate at a Driver[2] hearing.

Concerning defendant's arguments that the failure to record the conversation violated the confrontation clause, Judge Lawhun found defendant had the opportunity at trial to cross-examine the witnesses against him. In fact, trial counsel cross-examined Investigator Vengenock as well as the undercover officer. Defendant never explained what other witnesses he was deprived of cross-examining as the result of the non-recording of the transmitted communications.

---

[2]  State v. Driver, 38 N.J. 255 (1962).

A-0648-18T4

Judge Lawhun also rejected defendant's argument that trial counsel was ineffective for failing to move to compel the State to disclose the identity of the confidential informant. In a thorough factual and legal analysis, Judge Lawhun concluded in her written decision that disclosure of the informant's identity was not essential to assure a fair determination of the trial issues. The judge cited precedent for the proposition that the mere presence of the confidential informant during an alleged crime does not warrant disclosure. In terms of ineffective assistance, Judge Lawhun found defendant had failed to establish that a motion to disclose the confidential informant would have been successful. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987).

We affirm, substantially for the reasons expressed by Judge Lawhun in her sound, comprehensive written decision. Defendant's arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0648-18T4